## ABIATHAR WILLIAMS *versus* ARAD THOMPSON.

Land devised to a woman by her father was sold by her and her husband and applied to the payment of the husband's debts The husband likewise cut a large quantity of wood and timber from her land. Afterwards a farm having been conveyed to the husband and wife " in equal shares," they conveyed a moiety of it, together with three other parcels of land, one of which was owned by the husband and the two others, by the wife, to the tenant, in trust for the use and benefit of the wife and her children, the consideration, as expressed in the deed, being, that she had joined with her husband in selling and conveying certain lands devised to her by her father. The sale of the wife's land was a fair equivalent for one half of the farm conveyed to the tenant. It was *held*, that as against creditors of the husband, who was insolvent, the conveyance to the tenant was without consideration, for the husband had a legal estate in the moiety of the farm conveyed to the tenant and a freehold in the wife's land, and these were relinquished without an equivalent; and the wood and timber cut by the husband was deemed not to be a part of the consideration, not being stated to be so in the deed, and there being no evidence of any other consideration than the one therein expressed.

Several creditors of the husband having levied on a moiety of the farm as estate held in common, they and the tenant made a partition; after which the demandant, another creditor of the husband, levied by metes and bounds on a part of the moiety assigned by the partition to the tenant. It was *held*, that the deed from the husband and wife being void for want of consideration as against creditors, the basis and object of the partition failed, so that the tenant took no title under it as against creditors, and that, consequently, he could not object to the form of the demandant's levy.

WRIT of entry. The demandant counts upon his own seisin within thirty years, of a part of the Thomas farm, so called, situate in Middleborough, and a disseisin by the tenant. The tenant pleaded nul disseisin.

Upon a case stated it appears, that the demandant derives his title to the demanded premises, from Daniel Warren, and that the tenant derives his title from Daniel Warren and his wife Irena Warren.

On May 20, 1826, Bradford Harlow, Stephen Harlow and George Atwood conveyed the Thomas farm to Daniel and Irena Warren " in equal shares."

On April 5, 1827, Daniel and Irena executed and delivered to the tenant a deed, which is duly recorded, and which is as follows : — " Know all men, that we, Daniel Warren and Irena Warren, wife of the said Daniel, in consideration that the said Irena hath joined with her said husband in selling and conveying certain lands devised to her by her late father, and which we held in her right, do by these

presents grant, convey and confirm the several parcels of estate herein described, to Arad Thompson, for the purposes hereinafter expressed, to wit, one undivided half part of the farm which I the said Daniel Warren purchased of Bradford Harlow &c., called the Thomas farm, excepting and reserving seven acres thereof which we have sold off to Isaac Packard &c. ; also twelve acres of wood land bottom upon the plain &c. ; also ten acres of pasture land &c. ; also about two acres of land &c., which was devised to the said Irena by her father &c. ; all situate in Middleborough, and estimated at 776 dollars. To have and to hold the premises to him the said Arad as trustee, and to his successor or successors, to and for the use and benefit of the said Irena and her children and their heirs and assigns forever."

In August 1827, Stephen Harlow recovered a judgment against Daniel Warren for about $426, and on the 27th of the same month he levied $404 thereof upon the Thomas farm, describing the estate levied upon as the property of Daniel Warren, and as two undivided third parts of all that undivided half part of the farm, called the Thomas farm, which said Daniel purchased of Bradford Harlow &c.

On the same 27th of August an execution in favor of Bradford Harlow against Daniel Warren, was levied upon " one undivided third part of all the said Daniel's half part of said Thomas farm," describing the same in the same manner.

On September 15, 1827, Bradford Harlow, Stephen Harlow and the tenant, in his capacity of trustee, made a division of the Thomas farm, and on that day executed a deed of division, which was duly recorded.

On the same 15th of September Stephen Harlow conveyed the share assigned to him in the farm by the division, to the tenant.

In December 1827 the demandant recovered a judgment against Daniel Warren for $209·98, and levied his execution upon the demanded premises by metes and bounds.

At the time when the deed from Daniel and Irena Warren to the tenant was given, Daniel was indebted to divers persons, who have since recovered judgments to the amount

Williams
   v.
Thompson.

of $ 1981·45, and by the levy of about $ 1270 all his means of payment have been exhausted, unless this deed to the tenant should be adjudged void.

On the 20th of May 1826, when the deed of Bradford Harlow and others was given to Daniel and Irena Warren, Daniel and Irena sold, or agreed to sell and afterwards sold, two lots of woodland, which they held in her right, for the benefit of Daniel, and the proceeds of the sale were appropriated to pay his debts. The sale of these lots was a fair equivalent for one half of the Thomas farm then conveyed to Daniel and Irena. These two lots contained all the land which Irena had by devise from her father, excepting the ten acre lot and the two acre lot conveyed by the deed of April 5, 1827, to the tenant. The ten acre lot was worth then about $ 65. The value of the twelve acre lot, (the fee of which was in Daniel,) which was conveyed to the tenant by the deed of April 5, 1827, was about $ 66.

Between the 20th of May 1826 and the 5th of April 1827, Daniel cut wood and timber off the Thomas farm, to the value of $ 100, and he had given a lease for $ 125, paid by one of his creditors, to one Leonard, to cut other wood thereon. About the year 1821 Daniel took wood and timber from the land devised to Irena by her father, of the value of $ 300 or $ 400.

The parties agreed that the Court, according to their opinion upon the foregoing facts, should render judgment for either party upon nonsuit or default, or order a trial by jury.

Oct. 23d.      Eddy and Warren, for the demandants, cited in regard to the consideration of the deed to the tenant, Scot v. Bell, 2 Lev. 70 ; Bullard v. Briggs, 7 Pick. 533 ; 2 Kent's Com. 144 ; Sexton v. Wheaton, 8 Wheat. 229 ; Powell v. Hankey, 2 P. Wms. 82 ; 2 Madd. Rep. 286, note ; Clancy on Husb. and Wife, 354.

Beal and Stevens, for the tenant, cited Bullard v. Briggs, 7 Pick. 533.

WILDE J. afterwards drew up the opinion of the Court. This is a writ of entry, in which the demandant claims title under the levy of an execution in his favor against one Daniel Warren : and the tenant also derives his title from the same

Daniel Warren and Irena his wife. The deed from them to the tenant was prior to the demandant's levy, so that if it was a valid conveyance the tenant's title must prevail. The objection to this conveyance is, that it was made without an adequate consideration, and was void as against Warren's creditors. This objection, we think, is maintained by the facts agreed. The demanded premises are part and parcel of a farm called the "Thomas farm," and this farm was in 1826 conveyed by Bradford Harlow and others to Daniel Warren and his wife "in equal shares." By this deed, it being made during coverture, the demandant's counsel contend that the grantees became seised of an entire estate, and that on the death of either the whole would go to the survivor; that during their joint lives the husband was not only entitled to the income and profits, but had also the right to cut down the wood and appropriate it to his own use, without being answerable for waste. On the other hand, the counsel for the tenant have argued, that by the conveyance to Warren and his wife the fee vested in them by moieties as tenants in common; that such was the manifest intention of the grant, because they were to hold in equal shares; and that there is no technical rule of law to defeat this intention of the parties. In deciding this case, however, we have not found it necessary to consider and discuss these questions; for admitting the legal effect of the grant in question to be as contended for by the counsel for the tenant, still Warren had a legal estate in the moiety conveyed to the tenant, and this was conveyed to him without consideration. The only consideration for this conveyance appears to have been the proceeds of the sale of the wife's lands devised to her by her father, which were appropriated to the payment of her husband's debts; and it is agreed that these proceeds were a fair equivalent for a moiety of the Thomas farm. But Warren had a freehold estate in his wife's land, and this he has relinquished without an equivalent, thus materially impairing the remedy of his creditors to obtain satisfaction for their debts. The wood and timber he cut on his wife's land, and on the Thomas farm, constituted no part of the consideration for the conveyance to the tenant. The consideration appears on

the face of the deed, and there is no evidence of any othe. consideration.

The next question to be considered is, whether the tenant has any title under the division deed between him and the creditors of Warren, who had levied on his moiety of the Thomas farm; and we think he has not. Certainly he has no equitable title, and we think he has. no legal title. The basis and the object of that division or partition wholly fails. The tenant's title being void as against the demandant, he cannot set up a title obtained under color of right, to the prejudice of Warren's creditors. The creditors who were parties to this deed of division have taken their full shares in another part of the farm, and they had nothing more to release to the tenant. He is bound by that division, and is estopped to deny that the creditors have their full purparty in the lands now held by them in severalty. The tenant had no estate as against the demandant, upon which the creditors' release could operate, and his title, if he has any, by virtue of the deed of partition, is incidental and accessory to his title from Warren, and must fail with it.

As to the deed from Stephen Harlow, that conveys no part of the demanded premises. His share by the division was assigned to him in another part of the farm, and the tenant is bound by that division. The tenant's title, therefore, wholly fails, and he cannot object to the form of the levy of the demandant's execution. It is good against every one except the other tenants in common.

*Judgment for demandant.*